UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20415-CR-MARTINEZ

UNITED STATES OF AMERICA

        Plaintiff

vs.

FREDERICK BRADLEY NOWELL, SR.
a/k/a Brad Nowell,

        Defend ant

_____/

## MOTION TO WITHDRAW PREVIOUSLY ENTERED PLEA OF GUILTY

COMES NOW, The Defendant, FREDERICK BRADLEY NOWELL, SR., a/k/a Brad Nowell, by and through his undersigned attorney, and files this is Motion to Withdraw Previously Entered Plea of Guilty, and as grounds therefor would state as follows:

1.     On the 8th day of February, 2007, a search warrant was served on the home of the defendant, FREDERICK BRADLEY NOWELL, SR. and his Wife.

2.     Subsequent to that, conversations were had with representatives of law enforcement and the U. S. Attorney's Office.   During the course of those meetings, the Government contended that Defendant Nowell devised a scheme to defraud THE REDLAND COMPANY, INC. from November 1997 to October 2006 as shown within the United. States Attorney's Office Information filing of May 29, 2007.  Furthermore, the Government indicated that an ongoing investigation was taking place into the activities of THE REDLAND COMPANY, INC. and CHARLES P. MUNZ, the Owner of THE REDLAND COMPANY.  The

1

Defendant indicated in those meetings that he believed significant amounts of money were paid to him in the form of checks signed by CHARLES MUNZ.

3.      However, MARIA LOCKWOOD, Special Agent of the FBI, and others specifically advised the Defendant that after reviewing all bank records, no checks had been signed by CHARLES MUNZ, either to the Defendant or to the business entity he operated known as NGI MARINE.

4.      Defendant Nowell, previous to a June 21, 2007 Guilty Plea date, entered into a Plea Agreement (See Exhibit #1) with the United States Attorney's Office, due to the fact that Defendant Nowell believed that he could be sentenced to a maximum term of twenty (20) years for each possible count of fraud, and that his wife could also be charged, along with him, and face a possible total sentence of three thousand five-hundred sixty (3,560) years.

5.      At the time the Defendant entered into the plea he was under duress both as a result of the threat of multiple additional charges against himself as well as the threat of charges being brought against his wife and stepson.  Furthermore, the Defendant entered his plea under the mistaken belief that there was no evidence that MR. MUNZ knew of the existence of NGI MARINE; or knew that the Defendant was receiving money over and above his salary. Furthermore, this mistaken belief was bolstered by  representations made by the Government that no such checks were ever signed by CHARLES MUNZ.  Since that time, the Defendant has learned that those representations were false and that such checks were, in fact, signed by CHARLES MUNZ.

6.      Prior to the Defendant entering the plea, representations by law enforcement that no checks were ever signed by CHARLES MUNZ were further confirmed during a civil hearing

on March 19, 2007 and March 20, 2007 in a related civil action known as The Redland Company, Inc. vs this Defendant Nowell and Others, (Case No. 07-003164 (12) in The Broward County Circuit Court).  There were statements made to the Court, by Plaintiff's Council, that CHARLES P. MUNZ had never signed a check payable to NGI MARINE (See Exhibit #5, page 13 {Copies from hearing transcripts}), and further, CHARLES P. MUNZ testified that he had never heard of NGI MARINE. (See Exhibit #5, pages 60 & 61 and Exhibit #6 {Copies from hearing transcripts})

       7.     Further, prior to entering his plea of  guilty, on March 19, 2007, in the related civil action known as The Redland Company, Inc. vs this Defendant Nowell and Others (Case No. 07-003164 (12) in The Broward County Circuit Court) there were Exhibits entered into evidence by Plaintiff's Attorney, and most notably, a summary of all the alleged checks in connection with the alleged embezzlement scheme, in lieu of the actual copy of each check listed on the summary (See Exhibit #5 pages 129, 130 and 154 {Copies from hearing transcripts}) (See Exhibit #7 {Copies of checks signed by Munz}) (See Exhibit #8 {Check Summary Exhibit A of March 19, 2007 Civil Hearing}).

       8.     On June 21, 2007 Defendant Nowell entered  a plea whereby he believed he would receive  a sentence in the range of 63 to 78 months. And further, Defendant Nowell understood (See Copy of Letters, Exhibit #2, and Exhibit #3) that Defendant could expect a considerable sentence reduction for his full cooperation with United States Attorney's Office, and the FBI, in an ongoing investigation of THE REDLAND COMPANY, INC., and CHARLES P. MUNZ, Owner of THE REDLAND COMPANY, INC., in separate and unrelated matters.

       9.     The Defendant Nowell has made himself fully available to both the United States

Attorney's Office, and to the FBI Agents in charge of the investigations of both this case and other cases concerning knowledge that Defendant has involving THE REDLAND COMPANY, INC., CHARLES P. MUNZ, and Others, and will continue to do so. (See Copies of Letters, Exhibits #3A, #3B, & #3C)

10.   The Defendant contends that he is innocent, that it was a common scheme or practice of THE REDLAND's to pay employees money which would not be reported as income by the employees and would be charged off by THE REDLAND as job costs rather than salary. The Defendant contends that, in fact, his agreement with CHARLES MUNZ was that he would receive between eight to ten percent (8-10%) of the proceeds of THE REDLAND since he became the Administrative Vice President of THE REDLAND COMPANY and restructured the entire operation of the company.

11.   The additional compensation was to be paid to the Defendant Nowell in the manner described within the United States Attorney's Office Iinformation filing of May 29, 2007, and was done so in this manner for the sole purpose of concealing the additional compensation to Defendant Nowell so as to reduce THE REDLAND COMPANY, INC.'s Withholding Tax Liabilities, Workman's Compensation Payments, and further reduce the Income Tax Liabilities of THE REDLAND COMPANY, INC. by charging all additional compensation, to be paid to Defendant Nowell, to a Job Cost. This and similar methods were a common practice of THE REDLAND COMPANY, INC., and its Owner, CHARLES P. MUNZ, and can be substantiated with an examination of the books and records of THE REDLAND COMPANY, INC. (See Copies of Letters, Exhibits #3A, #3B, & #3C) (See Exhibit #5, pages 67 thru 72 & 76 thru 81, and Exhibit #6 [Copies from hearing transcripts}).

12.     It is Defendant Nowell's belief now that the introduction of only the summary of the checks, as mentioned in paragraph 8 above (See Exhibit #8 [Check Summary Exhibit A of March 19, 2007 Civil Hearing]), and not the copies of the checks listed on the Summary (See Exhibit #7 [Copies of checks signed by Munz]), was purposefully done to conceal the existence of checks signed by Charles P. Munz from Defendant Nowell and Others, and deny the Defendants, in both this Criminal Case and the Civil Action brought by The Redland Company, Inc. in Broward County, Florida, the full use of all the evidence in existence that would have a direct bearing on both the Criminal Case of this pleading and Civil Case in Broward County.

13.     After the Defendant entered his plea, Defendant Nowell was deposed on August 17, 2007 (See Exhibit #4 [Notice of Deposition]) by Attorneys for City of Homestead, in a civil action between The Redland Company, Inc. and The City of Homestead, wherein The Redland Company, Inc. was being suited for Civil Theft and Breach of Contract. Also at this Deposition was the Attorney for Atlantic Civil, Inc., concerning a civil action between The Redland Company, Inc., and Atlantic Civil, Inc., for a separate Breach of Contract.

14.     During the Deposition of August 17, 2007 the Attorneys for The Red land Company, Inc., in their efforts to :completely discredit and impeach Defendant Nowell's testimony in this, and any future cases, based on Defendant Nowell's Guilty Plea of June 21, 2007, and which continued on for approximately four (4) hours, placed into evidence an Exhibit which included copies of The Redland Company's checks that were made payable to NGI Marine in the alleged embezzlement scheme.

15.     During a further review of the Redland Exhibit, it was discovered that Twenty-eight (28) of The Redland Company, Inc. checks, contained within the Redland Exhibit, were

signed by Charles P. Munz, Owner of The Redland Company, Inc. (See Exhibit #7 [Copies of checks signed by Munz}) in direct contradiction to statements made by Munz's Attorney (See Exhibit #5, page 13 [Copies from hearing transcripts]) in the Broward County Civil Action hearing of March 19, 2007, and testimony of Charles P. Munz (See Exhibit #5, pages 50 thru 61 [Copies from hearing transcripts}) during the same March 19, 2007 hearing; and, further, in contraction to statements made to the Defendant by law enforcement and the Government.

16.     Upon further investigation by Defendant Nowell, he determined that the Redland checks that were signed by Charles P. Munz, and made payable to NGI Marine were in fact prepared in the very same manner and show similar amounts as the Redland checks signed by Defendant NowelI after  the years of 1997, 1998 and 1999.

17.     The dates on The Redland Company, Inc's. checks, shown on Exhibit #7 Summary start in November, 1997 and continue up to November, 1999, a period of approximately two (2) years. Defendant Nowell began his employment with The Redland Company, Inc., in September  1994, and continued up to February 2007, and during the period of November 1997 to November  1999, Defendant Nowell did not have check signing authority on The Redland Company, Inc's bank accounts.

18.      Defendant Nowell was required to have Charles P. Munz sign all checks for The Redland Company, Inc. during the period from September 1994, and continued up to the date that Defendant Nowell was given check signing authority, showing a clear indication that Charles P. Munz did sign and have full knowledge of checks being paid to NGI Marine (See Exhibit #7 [Copies of checks signed by Munz]), and further it would be reasonable to believe that Munz had full knowledge, and gave his approval by the signing of checks, for the payment

6

of additional compensation to NGI Marine in connection with the previously stated business arrangement between The Redland Company, Inc. and Defendant Nowell.

19.     Defendant Nowell states that even though he has contended from the beginning of the initial investigation that Redland Company checks existed that were signed by Charles P. Munz, Defendant Nowell was never given any acknowledgment that these checks existed from the United States Attorney's Office, assuming that the United States Attorney's Office had knowledge of the existence.

20.     Defendant Nowell now states and believes that on several occasions, during the initial investigation, that checks bearing Munz's signature did exist, but was either not further investigated, or was concealed and withheld from Defendant Nowell to impede, hinder and obstruct the defense of the charges against Defendant Nowell (See Exhibit #5, page 13 [Copies from hearing transcripts]) (See Exhibit #7 [Copies of checks signed by Munz]) (See Exhibit #8 [Check Summary Exhibit A of March 19, 2007 Civil Hearing]).

21.     Defendant Nowell has contended from the initial investigation, and believes that the motive for bringing both this criminal action and the civil action against Defendant Nowell and Others, by The Redland Company, Inc., and Charles P. Munz, was to attempt to completely discredit arid impeach any future testimony that Defendant Nowell would give in several civil actions brought against The Redland Company, Inc., amounting to tens of millions of dollars in liabilities, and possible criminal actions against The Redland Company, Inc. and Charles P. Munz, in connection with the over excavation of a lake, and subsequent diversion of the over excavated materials with a value of several million dollars (See Exhibit #6, pages 24 thru 45 & 79 thru 81 [Copies from hearing transcripts])

22.     Defendant Nowell entered a Guilty Plea, before this Court, on June 21, 2007, under duress, with a strong desire to protect the innocence of his wife and family, and to protect them from unwarranted prosecution, without the full benefit of all facts and evidence available prior to and at the time of the Guilty Plea that would show Defendant's innocence.

23.     Defendant Nowell now states and believes that there does exist evidence that would clearly show his innocence given the opportunity to present such evidence to the Court.

24.     Undersigned counsel has made a good faith effort to contact the Assistant United States Attorney, Joan Silverstein, to discuss this matter with her, but has been unable to do so before the filing of this motion.

WHEREFORE, Defendant respectfully prays that this Honorable Court enter an order allowing the Defendant to withdraw his previously entered plea of guilty, and for such other and further relief as the Court deems just and proper under the circumstances.

I HEREBY CERTIFY that a true and accurate copy of the foregoing was mailed to Assistant United States Attorney JOAN SILVERSTE1N, 99 NE 4th Street, Miami, Florida, 33132, this _____ day of September, 2007.

Respectfully submitted,

ZIMMERMAN, JOSEPH, BAYNE & WOLFE, P.A.
Attorneys for Defendant Nowell
7797 N. University Dr. - Suite 108
Tamarac, Florida 33321
Telephone:  954-722-9900
Facsimile:  954-720-9999


BY:     E. ROSS ZIMMERMAN
        Florida Bar #222712

8